NO.
12-06-00286-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS     §                      APPEAL FROM THE 

 

FOR THE BEST INTEREST          §                      COUNTY COURT AT LAW

 

AND PROTECTION OF
S.A.         §                      CHEROKEE COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            S.A. appeals
from an order to administer psychoactive medication.  After a hearing without a jury, the trial
court entered an order authorizing the Texas Department of State Health
Services to administer psychoactive medication to S.A.  In his sole issue, S.A. asserts the trial
court’s order violates his constitutionally protected liberty interest in
avoiding the involuntary administration of antipsychotic medication.  We reverse and render.

 

Background

            On
July 26, 2006, the trial court entered an order for mental health services
pursuant to Chapter 46B of the Texas Code of Criminal Procedure, finding S.A.
incompetent to stand trial.  On July 27,
2006, Dr. William Todd filed an application for court ordered authorization for
the administration of psychoactive medication. 
Dr. Todd diagnosed S.A. as suffering from psychotic disorder not
otherwise specified.  S.A. refuses to
take the medication voluntarily.  Dr.
Todd explained that S.A. is electively mute, but shook his head “no” when the
doctor offered the medication.  The
doctor indicated that he believes S.A. lacks the capacity to make a decision
regarding administration of psychoactive medication because of his psychosis.

            Dr.
Larry Hawkins testified at the hearing on the application.  He explained that S.A. is receiving court
ordered inpatient mental health services under Chapter 46B, suffers from
psychotic disorder not otherwise specified, and refuses to accept medication
voluntarily.  S.A. will not talk and
refuses to give any information at all. 
Dr. Hawkins testified that S.A. lacks the capacity to make a decision
regarding the administration of psychoactive medication.  The doctor testified that the requested
medications are in the proper course of treatment for S.A. and in his best
interest.  S.A. will likely benefit from
using these medications.  Those benefits
will outweigh any risks and S.A.’s hospital stay will likely be shortened if he
takes the medications.  Dr. Hawkins
testified that there are no less intrusive means which would obtain the same or
similar results as psychoactive medication.

            On
cross examination, Dr. Hawkins testified that S.A. is charged with theft of
property valued at $50.00 or more, but not more than $500.00, a Class B
misdemeanor.  He was arrested
April 13, 2006 and had been incarcerated for approximately 111 days.  The doctor named potential side effects of
the requested medications, but could not say for sure how they would affect
S.A.  Some might interfere with his
ability to communicate with legal counsel. 
He estimated that S.A. might need to stay at the hospital, taking medication,
for eight weeks.  After hearing Dr.
Hawkins’s testimony, the court entered an order to administer psychoactive
medication.

 

Liberty
Interest

            In
his sole issue, S.A. asserts the trial court violated his constitutionally
protected liberty interest in avoiding involuntary administration of
antipsychotic drugs by ordering the administration of psychoactive
medication.  He contends that there is no
evidence that he is a dangerous person or that refusal to take the medication
puts his health at risk.  Further,
because he was not charged with committing a serious crime, there are no
important governmental interests at stake justifying curtailment of his
liberty.  Additionally, he argues, there
is no showing that administration of the drugs is substantially likely to
render S.A. competent to stand trial and substantially unlikely to have side
effects that will interfere significantly with his ability to assist legal
counsel with his defense.  He contends
the record does not support findings that alternative, less intrusive
treatments are unlikely to achieve the same results or that antipsychotic
medications are medically appropriate. 
Therefore, he argues, the evidence does not support the conclusion that
involuntary medication is necessary to further the State’s important interests.

Applicable Law

            An
individual has a significant liberty interest in avoiding the unwanted
administration of antipsychotic drugs.  Sell
v. United States, 539 U.S. 166, 178, 123 S. Ct. 2174, 2183, 156 L. Ed.
2d 197 (2003).  However, courts may order
involuntary medication in certain instances where the individual’s interest is
overcome by an “essential” or “overriding” state interest.  Id., 539 U.S. at 179, 123 S.
Ct. at 2183.  An order for involuntary
medication may be entered if it is shown that treatment with antipsychotic
medication is medically appropriate and, considering less intrusive
alternatives, essential for the sake of the patient’s own safety or the safety
of others.  Id.  Thus, forced medication may be warranted to
address an individual’s dangerousness or where refusal to take drugs puts the
individual’s health gravely at risk.  Id.,
539 U.S. at 182, 123 S. Ct. at 2185. 
Further, involuntary administration of drugs may be allowed to render a
defendant charged with a serious criminal offense “competent to stand trial,
but only if the treatment is medically appropriate, is substantially unlikely
to have side effects that may undermine the fairness of the trial, and, taking
account of less intrusive alternatives, is necessary significantly to further
important governmental trial-related interests.”  Id., 539 U.S. at 180, 123 S.
Ct. at 2184-85.   This requires
consideration of four factors: 1) whether important governmental interests are
at stake, 2) whether involuntary medication will significantly further those
interests, 3) whether involuntary medication is necessary to further those
interests, and 4) whether the administration of the drugs is medically
appropriate.  Id., 539 U.S.
at 180-81, 123 S. Ct. at 2185.

Discussion

            Dr.
Hawkins testified that S.A. was, at the time of the hearing, under an order for
mental health services and suffers from psychotic disorder not otherwise
specified.  He said S.A. has refused to
accept medications voluntarily and lacks the capacity to make a decision
regarding administration of psychoactive medication.  The requested medications are in the proper
course of treatment and are in S.A.’s best interests.  The benefits outweigh the risks, and his
hospital stay would be shortened if medications are used.  This testimony does not speak to the
constitutional requirements for overcoming an individual’s liberty interest in
avoiding the unwanted administration of antipsychotic drugs.  

            In
another constitutional context, the Supreme Court has regarded offenses for
which a term of imprisonment exceeding six months may be imposed as being
serious.  See Baldwin v. New York,
399 U.S. 66, 69, 90 S. Ct. 1886, 1888, 26 L. Ed. 2d 437 (1970) (For purposes of
determining the right to trial by jury, offense is serious if imprisonment for
more than six months is authorized.). 
This logic has been followed in cases considering whether an offense is
serious for the purpose of forcible administration of medication to restore
competency.  See United States v. Evans,
404 F.3d 227, 237 (4th Cir. 2005); United States v. Algere, 396
F. Supp. 2d 734, 740 (E.D. La. 2005). 
The record reflects that S.A. is charged with a Class B misdemeanor,
which is punishable by a fine of up to $2,000.00 and confinement in jail for a
term not to exceed 180 days.  Tex. Pen. Code Ann. § 12.22
(Vernon 2003).  Therefore, the crime S.A.
is charged with is not a “serious” crime that the State has an important
interest in prosecuting.  

            Dr.
Hawkins indicated that he did not have a good “understanding of what’s going on
with the patient” and never testified that administration of the drugs was
substantially likely to render S.A. competent to stand trial.  Dr. Hawkins stated without explanation that
there are no less intrusive means which would obtain the same or similar
results as psychoactive medication. 
While he acknowledged potential side effects, the doctor was unable to
say how or to what extent the medications could interfere with S.A.’s ability
to communicate with legal counsel.  He acknowledged
the possibility of drowsiness in some cases. 
There was no evidence that S.A. is dangerous or that his failure to take
the drugs would put his health at risk. 
Considering all the factors concerned, we conclude that the record does
not support a conclusion that administration of antipsychotic medication was
necessary to further an important state interest.  See Sell, 539 U.S. at 179, 123
S. Ct. at 2184-85.  Accordingly, the
trial court erred in granting the State’s application for court ordered authorization
for the administration of psychoactive medication.  We sustain S.A.’s sole issue.

 

 

 

 

Disposition

            We
reverse the trial court’s order for the administration of
psychoactive medication.  We render
judgment denying the State’s application.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

Opinion
delivered January 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)